*546 ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to dismiss Constance L. Kiggins’ appeal as untimely. Constance L. Kiggins opposes.
The Secretary argues that Kiggins did not timely file her notice of appeal of the United States Court of Appeals for Veterans Claims’ September 12, 2008 judgment and thus is untimely. The docket sheet of the Court of Appeals for Veterans Claims indicates that the court received Kiggins’ notice of appeal on November 21, 2008, or 70 days after entry of judgment.
Any appeal of the judgment had to be received by the Court of Appeals for Veterans Claims within 60 days of the date of entry of judgment in order to be timely. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R.App. P. 4(a)(1). The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)). Thus, Kiggins’ failure to file timely a notice of appeal may not be waived. See Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Because Kiggins’ notice of appeal was received by the Court of Appeals for Veterans Claims 70 days after the entry of judgment, the appeal must be dismissed as untimely filed.
Accordingly,
IT IS ORDERED THAT:
(1) The appeal is dismissed as untimely filed.
(2) Each side shall bear its own costs.